IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CLEAN WOOD RECYCLING, INC.,

                        Plaintiff,                    Case No. 3:11 CV 1009

      -vs-

                                                       MEMORANDUM OPINION
FARRELL'S LAWN & GARDEN CENTER                 AND   ORDER
AND LAWN SERVICE, LLC,

                        Defendant.

KATZ, J.

      This case involves Plaintiff Clean Wood Recycling, Inc.'s Complaint against Defendant Farrell's Lawn & Garden Center and Lawn Service, LLC, alleging trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1051, *et. seq*. The matter is currently before the Court on Defendant's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Because Plaintiff's amended Complaint satisfies Fed. R. Civ. P. 8(a)(2)'s pleading standard, Defendant's motion to dismiss is hereby denied as moot.

**I. Background**

      Plaintiff, a mulch seller, filed a Complaint on May 18, 2011, alleging that Defendant infringed its "*Got Mulch?*" trademark in violation of the Lanham Act, 15 U.S.C. § 1051, *et. seq*. Plaintiff's Complaint alleges that: "Plaintiff . . . businesses [sic] under the trademark ***Got Mulch?*** which is the subject of U.S. Trademark Registration Number 3,099,601 . . . . Defendant has used the ***Got Mulch?*** Trademark in commerce and thus has infringed Plaintiff's rights and committed acts of infringement of a registered trademark . . . ." Doc. 1 at ¶ 7, ¶ 9.

      On July 5, 2011 Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Defendant argues that "[P]laintiff has

failed to demonstrate in its complaint for trademark infringement any facts, other than mere conclusory allegations, that Farrell's used the alleged trademark in commerce and has made no factual allegations that its use was likely to cause confusion pursuant to the requirements of the Lanham Act, 15 U.S.C. § 1114(a)." Doc. 4 at 1.

On July 20, 2011 Plaintiff filed an Amended Complaint. Plaintiff's Amended Complaint adds, *inter alia*, allegations that:

> Defendant drove a truck adorned with Plaintiff's trademark in Plaintiff's marketing territory in 2009 . . . . [Defendant's] truck was seen by an unknown amount of Plaintiff's customers, prior to the sightings in December, 2009. . . . The above use of Plaintiff's trademark by Defendant caused confusion among members of the community and/or customers of Plaintiff, and was likely to cause confusion, as to the ownership and source of the mark, as Defendant used the mark in and around Plaintiff's marketing territory.

Doc. 5, ¶¶ 10-13.

**II. Motion to Dismiss Standard**

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 127 S.Ct. at 1965 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, the Court is cognizant that Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (*citing Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

**III. Discussion**

"To state a claim for trademark infringement under the Lanham Act, a plaintiff must allege facts establishing that: (1) it owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing 15 U.S.C. § 1127).

3

Plaintiff's Amended Complaint sufficiently states a claim for trademark infringement under the Lanham Act: (1) Plaintiff alleges it owns the U.S. Trademark Registration for "*Got Mulch?*," Registration Number 3,099,601; (2) Plaintiff makes specific allegations related to when and where Defendant used the trademark in commerce; and (3) Plaintiff alleges that its customers have seen Defendant using the trademark, and that Defendant's use of the mark is likely to cause confusion among members of the community and its customers. Accepting all of Plaintiff's factual allegations as true, *Erickson*, 127 S.Ct. at 2200, Plaintiff's Amended Complaint states a valid claim for trademark infringement under the Lanham Act, and satisfies the pleading requirements of Fed. R. Civ. P. 8(a)(2). Therefore, Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted is moot.

## IV. Conclusion

Because Plaintiff's Amended Complaint states a claim for trademark infringement sufficient to satisfy the pleading standards of Fed. R. Civ. P. 8(a)(2), Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted is hereby denied as moot.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE